# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 18-CR-0073-CVE |
|  | ) | (20-CV-031-CVE-JFJ) |
| JUSTIN LEE BOYER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Now before the Court is defendant Justin Lee Boyer's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 39). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Plaintiff has filed a motion to dismiss (Dkt. # 43) defendant's § 2255 motion as time-barred.

On April 2, 2018, a grand jury returned an indictment charging defendant with sexual exploitation of a child (count one), enticement of a minor (count two), receipt of child pornography (count three), and possession of child pornography (count four). Dkt. # 2. The Court determined that defendant was unable to afford an attorney, and Julia O'Connell, the Federal Public Defender for the Northern District of Oklahoma, was appointed to represent defendant. Dkt. # 11. The parties negotiated a plea agreement (Dkt. # 24) under which defendant agreed to plead guilty to count one under Fed. R. Crim. P. 11(c)(1)(C), and the parties stipulated that a sentence of 25 years was

appropriate. This was the statutory mandatory minimum sentence for count one, and the statutory maximum sentence for count one was 50 years. Defendant pled guilty pursuant to the plea agreement, and the Court accepted the plea agreement at the sentencing hearing. On November 9, 2018, the Court entered a judgment and commitment (Dkt. # 31) sentencing defendant to 25 years imprisonment, and defendant did not file a direct appeal of his conviction or sentence within 14 days. However, he filed a notice of appeal (Dkt. # 32) on August 14, 2019, and the Tenth Circuit of Appeals dismissed the appeal as untimely. Dkt. # 37.

On January 24, 2021, the Court Clerk received a § 2255 motion from defendant, and defendant states that he placed the motion "in the hand of prison officials" on December 27, 2019. Defendant raises two grounds for relief in his § 2255 motion. Defendant argues that his guideline level was improperly enhanced based on a prior conviction for sexual battery, and he argues that O'Connell ignored his request to file an appeal raising this issue. Dkt. # 39, at 2. The Court ordered plaintiff to file a response to defendant's § 2255 motion, and plaintiff filed a motion to dismiss (Dkt. # 43) defendant's § 2255 motion as untimely. Plaintiff filed a reply arguing that he directed his attorney to file a notice of appeal after the sentencing hearing, and he claims that this is an extraordinary circumstance justifying equitable tolling of the one year statute of limitations to file a § 2255 motion. Dkt. # 52.

In its motion to dismiss (Dkt. # 43), plaintiff argues that defendant's § 2255 motion should be dismissed as untimely. Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Defendant's convictions became final on November 23, 2018 when his deadline to file a notice of appeal expired. Defendant's § 2255 motion (Dkt. # 39) was received by the Court Clerk on January 24, 2020, and defendant states that the motion was placed in the prison mail on December 27, 2019. Defendant's one year statute of limitations under § 2255(f)(1) expired on November 23, 2019, and his motion would not be timely even if the Court relied on the date which defendant allegedly placed his motion in the prison mail system. The Court can discern no other basis under § 2255(f) under which defendant's motion could be timely, and defendant's motion will be untimely unless he can show that the statute of limitations is subject to equitable tolling.

Defendant argues that he directed his attorney to file a notice of appeal, and he mistakenly believed that his untimely notice of appeal tolled his statute of limitations to file a § 2255 motion. Dkt. # 52, at 2. A § 2255 motion filed after the statute of limitations period has expired is untimely unless equitable tolling of the limitations period is warranted. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000). To warrant equitable tolling of the limitations period, defendant must demonstrate "extraordinary circumstances." See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has in some extraordinary way . . . been prevented from asserting his or her

3

rights." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Defendant must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Marr, 141 F.3d at 978.

The Court will initially consider whether defendant's untimely notice of appeal had any effect on the statute of limitations to file a § 2255 motion. The Tenth Circuit has not considered the effect of an untimely notice of appeal on the one year statute of limitations to file a § 2255 motion. In Gillis v. United States, 729 F.3d 641 (6th Cir. 2013), the Sixth Circuit rejected a defendant's argument that an untimely notice of appeal tolled the statute of limitations to file a § 2255 motion, and found that "[a] conviction becomes final when the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed." Id. at 644. The Sixth Circuit noted that "there would not be much left to the statute of limitations" if the filing of an untimely notice of appeal would be deemed sufficient to extend the one year limitations period to file a § 2255 motion. Id. Other courts have also determined that an untimely notice of appeal does not toll the statute of limitations for a defendant to file a § 2255 motion. Munoz-Gonzalez v. United States, 2020 WL 5110622, *1 (D.N.M. Aug. 31, 2020); Harris v. United States, 2014 WL 11996376, *2 (E.D.N.C. Jan. 23, 2014); United States v. Davis, 2009 WL 693135, *2 (D.S.C. Mar. 13, 2009). The Court finds that the filing of an untimely notice of appeal did not extend defendant's statute of limitations to file a § 2255 motion, and it does not qualify as extraordinary circumstances that would warrant equitable tolling. The record shows that defendant filed his untimely notice of appeal on August 14, 2019, well within the one year statute of limitations to file a timely § 2255 motion. Defendant faults his former attorney for failing to file a timely notice of appeal and it appears he raised this issue before the Tenth Circuit. Dkt. # 37, at 2. Instead of filing an appeal well out of time, defendant

4

could have raised this issue in a timely § 2255 motion and he has not identified any impediment that prevented him from filing a timely § 2255 motion. The Tenth Circuit dismissed defendant's untimely appeal on October 1, 2019, and he had nearly two months after the dismissal to file a timely § 2255 motion. The filing of an untimely notice of appeal did not toll the statute of limitations to file a § 2255 motion, and defendant has not shown that his untimely notice of appeal constitutes an extraordinary circumstance warranting equitable tolling.

The Court has reviewed defendant's filings to determine if he has raised any other argument that could be construed as a request for equitable tolling. Defendant claims that additional prison restrictions related to COVID-19 made it more difficult for him to file a timely § 2255 motion. Dkt. # 52, at 2. However, defendant's deadline to file a § 2255 motion was November 23, 2019, and this deadline expired several months before the COVID-19 pandemic began. Defendant could be arguing that he simply did not understand the deadlines associated with filing an appeal and a § 2255 motion, and the Court should excuse his non-compliance with deadlines because O'Connell provided ineffective assistance of counsel by failing to file a notice of appeal. Id. The Court does not find that a litigant's alleged unfamiliarity with the procedure for filing an appeal or § 2255 motion is an extraordinary circumstance warranting equitable tolling. If this were an extraordinary circumstance, this would apply in nearly every case involving an unrepresented defendant seeking to proceed with a § 2255 motion, and defendant has not identified an actual impediment that prevented him from filing a timely § 2255 motion. The Court can discern no other arguments that could be grounds for equitable tolling. Defendant has not shown that he was diligently pursuing post-conviction relief or that there was any impediment to the filing of a timely § 2255 motion, and the Court finds that defendant's § 2255 motion should be dismissed as untimely.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence (Dkt. # 39) is **dismissed as time-barred**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss § 2255 Motion (Dkt. # 43) is **granted**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any issue raised in defendant's § 2255 motion.

**DATED** this 1st day of July, 2021.

_____<br>
CLAIRE V. EAGAN<br>
UNITED STATES DISTRICT JUDGE